_____



SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: April 9, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

    COMMUNITY HOME FINANCIAL
    SERVICES, INC.,                                   CASE NO. 12-01703-EE

    DEBTOR.                                                  CHAPTER 11

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE PROCEDURE FOR COMPROMISE AND SETTLEMENT OF A CLASS OF CLAIMS, AS AMENDED, ON AN INTERIM BASIS *[DKT. #536]***

There came on for the Court's consideration the Motion To Approve Procedure For Compromise and Settlement of a Class of Claims **[Dkt. #536]** ("**Motion**") filed pursuant to Fed. R. Bankr. Proc. 9019(b) by Kristina M. Johnson, Trustee ("**Trustee**") of the Estate of Community Home Financial Services, Inc. ("**Debtor**"), and the Edwards Family Partnership, LP And Beher Holdings Trust's Response To Trustee's Motion To Approve Procedure For Compromise And Settlement Of A Class Of Claims ("**Response**") **[Dkt. #561]** filed by Edwards Family Partnership and Beher Holdings Trust (together, "**EFP/BHT**") in the above-styled Chapter 11 proceeding. The Court, being fully advised in the premises, and having been advised that the Response is resolved as set forth below, finds as follows:

{JX095241.4}

1

## I. Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. Proc. 9019 and the order granting automatic reference to this Court.  This is a core proceeding.

## II. Procedural History

2.     On May 23, 2012, (the "**Petition Date**")*,* the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

3.     On December 20, 2013, a Disclosure of Transfer of Funds and other Matters ("**Disclosure**") **[Dkt #426]** was filed in the Chapter 11 case stating that: (1) the Debtor changed its principal place of business to Panama; (2) the Debtor had transferred funds from its debtor-in-possession account(s) to the Debtor's bank accounts in Panama; and (3) the Debtor continued to service its business operations in Panama and Costa Rica.

4.     In response to the Disclosure, the United States Trustee filed an Emergency Motion for Order for the Appointment of a Chapter 11 Trustee.  On December 23, 2013, the Court entered an Order Granting the United States Trustee's Emergency Motion for Order for the Appointment of a Chapter 11 Trustee **[Dkt. # 429]** directing the appointment of a trustee in this case.

5.     On January 8, 2014, the United States Trustee's Office filed its Application For Approval of Chapter 11 Trustee **[Dkt. #455]**   On January 16, 2014, the Court approved the United States Trustee's appointment of the Trustee pursuant to a bench ruling that was confirmed in an Order dated January 21, 2014 **[Dkt. #473].**  The Trustee is now the duly acting and qualified trustee in this case.

### III. Basis for Relief Requested

6. According to the Debtor's Disclosure Statement **[Dkt. #167, p. 9]**, "CHFS is in the business of purchasing and servicing loan portfolios consisting of mostly Class B loans of 2nd to 3rd mortgages." During the course of this Chapter 11 case, the Debtor has generated substantial sums of money from these loans. For example, the Debtor showed cash receipts of $2,223,875.06 in October, 2013. *See* Monthly Operating Report, **Dkt.# 416**, p. 8. The value in these loans lies, in part, in the appropriate servicing of the loans, including receipt of payments, accurate crediting of payments and borrower relations.

7. The Trustee asserts that she has sought, consistent with her statutory duties, to expeditiously stabilize the Estate, that those efforts are on-going, and that she has interviewed counsel for the parties, obtained control of the Debtor's debtor-in-possession accounts known to date, and has demanded turnover of the Debtor's books and records. The Trustee alleges that while some information has been provided to her, most of the relevant information demanded has not been provided. Critically, the Trustee alleges she has <u>not</u> been provided with the Debtor's electronic records as to outstanding mortgages, account debtors, payment histories, and related information.

8. Beginning on February 12, 2014, and continuing on an almost daily basis thereafter, the Trustee states in the Motion that she began receiving multiple e-mails, phone calls and letters from borrowers whose loans were serviced by the Debtor requesting information about their loans and/or payoff information to be able to satisfy those loans in full. In fact, the Trustee states she has already received a cashier's check tendered for the alleged full payoff of one loan. Furthermore, since the time the Motion was filed, the Trustee has been presented with requests by borrowers to subordinate in favor of senior lien re-financing.

{JX095241.4}

3

9. The Trustee has been advised that there are several thousand loans outstanding. Without the Debtor's electronic records, the Trustee will have to reconstruct the Debtor's records borrowers and other sources over some period of time in order to provide payoff information to borrowers who request it. Thus, the Estate is being deprived of immediate payment of substantial sums of money. Moreover, borrowers who have secured favorable re-finance interest rates may be unable to take advantage of these rates if timely payoff information is not provided. Furthermore, as EFP/BHT point out in the Response, there is no mechanism in place to address requests by borrowers to approve short sale contracts in which the loan is not fully collateralized.

10. While the Trustee contends she has authority to settle payoff requests and short sale offers in the ordinary course of business, she filed the Motion out of an abundance of caution due to the fact that she does not have all of the Debtor's books and records. Additionally, EFP/BHT contend that they own a substantial number of loans the Debtor was servicing and claim that they hold many, if not all, of the original notes and assignments for those loans. They further assert a lien on another set of loans owned by the Debtor in which they claim that a lien on those loans has been perfected by possession of the original documents by a third-party custodian, Harold McCarley, Jr. ("McCarley"). Another set of loans may exist in which EFP/BHT have not asserted an interest at this time.[1] Moreover, EFP/BHT have maintained records of payment histories of certain borrowers and may have more complete loan histories in some instances than the Trustee presently has. Consequently, the Trustee has deemed it prudent to seek Court approval for a protocol for mutual resolution of payoff requests, short sale offers and subordinations.

---

[1] EFP/BHT's asserted interest in loans involved in this case is the subject of adversary proceedings pending in this Court.

{JX095241.4}

4

11. Assuming that the Trustee is able to negotiate mutually agreeable payoffs, short sale offers and subordination requests with individual requesting borrowers (based on what may be incomplete information), it will not be cost-effective for the Trustee to file motions to approve compromise and settlement as to each borrower (to the extent Court approval is required). Moreover, the notice period in each such instance may cause affected borrowers to lose favorable re-financing interest rates.

12. The Trustee proposed in the Motion a protocol for resolving payoff requests, and BHT/EFP set forth an alternate protocol in the Response. The Trustee and BHT/EFP subsequently have agreed to an amended protocol that is reflected below.

### IV. Standards for Approval of Compromise and Settlement

13. Fed. R. Bankr. Proc. 9019(b) provides, "After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise and settle controversies within such class or classes and without further hearing or notice."

14. As set forth below, the protocol proposed by the Trustee (as amended with the consent of EFP/BHT) under Fed. R. Bankr. Proc. 9019(b) complies with the Fifth Circuit standards for approving compromises and settlements under Fed. R. Bankr. Proc. 9019(a).

15. A basic policy in bankruptcy cases is that compromise is favored. Lawrence P. King, Collier on Bankruptcy, ¶ 9019.01. Courts have built on this policy by adopting the standards set forth in the U. S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by a bankruptcy court only after it

> apprise[s itself] of all facts necessary for an intelligent and
> objective opinion of the probabilities of ultimate success should
> the claim be litigated. Further, the judge should form an educated

{JX095241.4}

5

> estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id*. at 424.

16.     "'Settlement agreements have always been a favored means of resolving disputes' in the Fifth Circuit." *Hyperion Foundation, Inc. v. Academy Health Ctr., Inc.*, 2009 WL 3633878 at 3 (Bankr. S.D. Miss. Oct. 27, 2009).  The Fifth Circuit standard for the approval of settlements has been stated in *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.*:

> (1)   [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,
> (2)   [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
> (3)   [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997).  These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

17.     The protocol set forth below to approve compromise and settlement of a class of claims (borrowers requesting payoffs, requesting approval of short sale offers and requesting subordinations) under Fed. R. Bankr. Proc. 9019(b) meets the Rule 9019(a) standards.  The protocol is fair and equitable and is in the best interest of the Estate and affected borrowers.  It avoids claim litigation as to the amounts owed by such borrowers, saves the Estate the significant administrative expense associated with unnecessary claims litigation or filing separate motions to approve compromise and settlement for what could possibly be hundreds or thousands of settlements, and enables the Estate to meet its obligations to its account debtors and to immediately maximize reasonable value for many loan assets by receiving lump sum payments

rather than streams of income over a long period of time. The protocol is also in the interest of judicial economy as the Court will not be burdened with numerous, separate motions to approve compromise and settlement.

18. The Trustee expects to file a motion in the near future seeking approval for her retention of a professional mortgage servicing company, and it is expected that such motion will include provisions authorizing the servicer to settle borrower claims using a protocol that may differ from that set forth herein. Accordingly, the Trustee has agreed that the relief granted herein will be interim until such time as a servicer has been approved for the Estate and a final protocol has been approved. Therefore, the Motion is well taken and should be granted on an interim basis as amended below.

IT IS, THEREFORE, ORDERED that the Motion as amended below is granted on an interim basis until a proposed loan servicer is approved by the Court on different terms. To the extent necessary, the relief provided herein to the Trustee as to the ability to execute documents necessary to resolve borrower requests shall remain in full force and effect provided that such documents are executed in the ordinary course of CHFS's business operations.

IT IS FURTHER ORDERED that the following protocol is approved:

A. As to loans that EFP and BHP claim were purchased by and/or assigned to them and/or in which they assert a lien:

1. The Trustee or her counsel shall provide notice ("**Notice**") to EFP/BHT via e-mail of any customer request for a payoff (whether a full payoff or a discounted payoff) or a short sale offer, with a copy to their counsel via email;

2. The Notice shall contain, to the extent the information is reasonably available, the borrower's name, loan number, subject property address, title company, phone number of

{JX095241.4}

customer or title company, and (in the case of a short sale offer) any appraisal, or other evidence of value, purchase-sale agreement, approximate balance of senior mortgages, and proposed payout to any senior mortgages;

3. For a payoff request, EFP/BHT shall calculate a payoff based on their records ("**Proposed Payoff**") and shall transmit the Proposed Payoff with supporting data to the Trustee and her counsel via email within five (5) calendar days from the date of the Notice. If the Trustee and the borrower accept the Proposed Payoff, the Trustee is hereby authorized without further Order of the Court to consummate the transaction.

4. Should the Trustee and/or a borrower disagree with the Proposed Payoff, the Trustee or her counsel shall send by email ("**Counter Notice**") to EFP/BHT and their counsel a counter to the Proposed Payoff ("**Counter Payoff**");

5. If EFP/BHT do not object to the Counter Payoff via e-mail within five (5) calendar days from the date of the Counter Notice, Trustee is hereby authorized without further order of the Court to consummate the transaction using the Counter Payoff.

6. For a short sale offer, EFP/BHT shall transmit their acceptance, rejection or counter to the short sale offer to the Trustee and her counsel via email within five (5) calendar days from the date of the Notice. If EFP/BHT accept the short sale offer or fail to respond to the short sale offer within five (5) calendar days from the date of the Notice, or if the Trustee and the borrower accept EFP/BHT's counter to the short sale offer, the Trustee is hereby authorized without further Order of the Court to accept the short sale offer and to consummate the sale;

7. For all payoff requests or short sale offers approved under part A of this protocol, EFP/BHT shall: (a) as to original loan documents EFP/BHT are holding, they shall locate and mail the original notes and any assignments thereof to the Trustee within three (3) business days

of Trustee's written request for the original loan documents; (b) as to original loan documents in the possession of McCarley, EFP/BHT shall authorize the release of the original loan documents to the Trustee and the Trustee shall remit the release fee to McCarley under the pre-petition custodial agreement within three (3) business days of the Trustee's written request for the original loan documents. For purposes of this Order only, the Trustee is hereby authorized to execute any lien cancellation documents on behalf of EFP/BHT or the original note holder, and state and local agencies are authorized to accept this Order and any lien cancellation documents executed by the Trustee on behalf of EFP/BHT for recording in applicable land records. To the extent there is no assignment of record from EFP/BHT or the original note owner to the Debtor, the Trustee is authorized to execute and cause to be recorded an assignment into the Debtor so that any needed lien cancellation documents can be executed and recorded by the Trustee.

8. The Trustee is authorized to execute such other and further documents as may be necessary to consummate payoffs and short sales resolved hereunder. EFP/BHT shall execute such other and further documents as may be reasonably necessary to consummate payoffs and short sales hereunder.

B. As to loans in which EFP/BHT have not asserted an interest at this time:

1. If the Trustee cannot ascertain a payoff amount from the information available to her, she will ask the borrower to provide as much documentation as may be available with regard to payment history. After reviewing her own information and any information provided by the borrower, the Trustee will be authorized (but not required) to offer a payoff ("**Payoff Offer**") to the borrower. The Payoff Offer may include waiver of some or all late fees, legal fees and expenses, interest, as well as reductions in principal. If the borrower accepts the Proposed

{JX095241.4}

9

Payoff, the Trustee, without further order of the Court, is authorized to consummate the transaction.

2. In the event of a short sale offer, the Trustee shall request information she deems appropriate in order to evaluate the proposed short sale.

3. The Trustee is hereby authorized to accept short sale offers in her business judgment and is authorized to execute such documents as may be necessary to consummate any proposed short sale that she accepts.

IT IS FURTHER ORDERED that the Trustee is authorized to execute subordination agreements in favor of senior mortgage refinancing if, in her business judgment, the subordination does not materially jeopardize the value of the subordinate lien.

IT IS FURTHER ORDERED that as to all transactions covered by this Order, the Trustee is authorized to obtain a release from the borrower of all claims against the Estate, the Trustee and professionals retained by the Trustee as a condition precedent to a negotiated payoff, short sale or subordination.

IT IS FURTHER ORDERED that as to all transactions covered by this Order, the Trustee is authorized to execute a lost instrument affidavit if the original cannot be located, and borrowers, title companies, and state and local agencies are authorized to accept such affidavit in lieu of the original for all purposes.

IT IS FURTHER ORDERED that state and local agencies are authorized to accept a copy of this Order for filing in the appropriate land records for any transaction contemplated by the Order.

IT IS FURTHER ORDERED that any amounts the Trustee receives under the protocol established under this Order will be deposited into the debtor-in-possession accounts over which the Trustee now has exclusive control.

IT IS FURTHER ORDERED that nothing herein compels the Trustee to accept a payoff, short sale or to execute a subordination in a given instance.

IT IS FURTHER ORDERED that the Trustee is authorized to consummate settlements of the general kind specified herein, even if they do not exactly match the scenarios set forth herein, so long as they do not deviate materially from the protocols set forth herein and are of the kind that would typically be consummated in the ordinary course of the Debtor's business.

IT IS FURTHER ORDERED that nothing herein prejudices the Trustee's right to file a standard motion to approve compromise and settlement under Fed. R. Bankr. Proc. 9019(a) in the event that EFP/BHT reject a Counter Payoff or a short sale offer or counter thereto.

IT IS FURTHER ORDERED that by agreeing to this Order, EFP/BHT and their counsel agree to keep confidential any borrower information (including, but not limited to, social security numbers) to the extent required by state or federal consumer privacy statutes and regulations unless they are compelled to disclose the information pursuant to subpoena or court order. The Trustee and her professionals are hereby authorized to disclose such confidential borrower information to EFP/BHT and their counsel to the extent necessary to implement and consummate the protocol established herein.

IT IS FURTHER ORDERED that the contents of this Order and the protocol authorized in this Order shall not constitute an adjudication of any ownership or liens rights EFP/BHT assert in any loans and shall not prejudice any rights, claims or defenses the Trustee may have thereto, all such matters being expressly relegated to the applicable adversary proceeding.

{JX095241.4}

IT IS FURTHER ORDERED that EFP/BHT's participation in the protocol established in this Order and their release or approval for the release of original loan documents shall not impair, waive or otherwise affect any interest they may assert in such loans or the proceeds thereof.

IT IS FURTHER ORDERED that to the extent EFP/BHT is later adjudicated to have a valid interest in any loans compromised and settled under the protocol established herein, that interest shall attach to the proceeds in the Trustee's debtor-in-possession accounts in the same order and with the same priority that would have existed but for the Debtor's Chapter 11 filing.

IT IS FURTHER ORDERED that this Order shall be binding upon all creditors, parties-in-interest and anyone sent notice of the Motion. The Court retains jurisdiction to enforce any settlement contemplated by this Order.

**\*\*END OF ORDER\*\***

SUBMITTED BY:

*s/: Jeffrey R. Barber*
Jeffrey R. Barber (MB #1982)
Kristina M. Johnson (MB #9382)
**JONES WALKER LLP**
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, Mississippi 39205-0427
Telephone: (601) 949-4765
Facsimile: (601) 949-4804
jbarber@joneswalker.com
kjohnson@joneswalker.com

{JX095241.4}

AGREED TO AND APPROVED AS TO FORM:

*s/: Louis B. Lanoux*
Louis B. Lanoux (MB #8084)
Counsel for EFP/BHT
**WATKINS & EAGER PLLC**
400 East Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi  39205
Telephone:  (601) 965-1900
Facsimile:  (601) 965-1901
llanoux@watkinseager.com

{JX095241.4}

13