IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **KRISTINA M. JOHNSON,** *Trustee of the Estate of Community Home Financial Services, Inc.* | **PLAINTIFF** |
| V. | CAUSE NO. 3:15-CV-260-CWR-LRA |
| **EDWARDS FAMILY PARTNERSHIP, LP; EDWARDS FAMILY PARTNERSHIP; BEHER HOLDINGS TRUST; CHARLES C. EDWARDS,** *Individually and as Managing Partner of Edwards Family Partnership LP, Edwards Family Partnership, and Beher Holdings Trust;* **MARTHA E. BORG; JAMES R. EDWARDS** | **DEFENDANTS** |

## ORDER

Before the Court are the plaintiff's motion to consolidate, the defendants' motion to dismiss, and the defendants' motion for leave to file additional pages. Docket Nos. 5, 19, & 25. The motions are fully briefed and ready for review.

This case presents several logistical difficulties. The Court begins with the merits.

On one hand, the defendants present several strong arguments for dismissal. The Trustee's substantive allegations as to Martha Borg and James Edwards are thin; the Trustee's claim to have been materially harmed is weak. Is it not plausible that Dr. Edwards' attempt to collect with a non-final ruling was less indicative of a criminal enterprise and more an effort, perhaps misguided, to retrieve funds he believes to be his without the encumbrance of the Estate? Even bracketing that issue for a moment, it is unusual to charge him and his related entities with RICO violations where they are (by and large) the ultimate beneficiaries of the Trustee's work. Why would a Trustee ever be appointed to recover millions of dollars for a criminal enterprise?



EXHIBIT 1

On the other hand, even if the defendants' motion were granted, it is well-established that "plaintiffs who may still have a viable avenue to recover should be granted leave to amend their complaint and make their 'best case.'" *Boutwell v. Time Ins. Co.*, No. 3:11-CV-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013) (citation omitted). Assuming without deciding that the current complaint is defective, an amended complaint would likely have a better chance of surviving the motion to dismiss standard.

That brings us to the well-known procedural difficulties. The bankruptcy case and adversary proceedings have now been returned to the Bankruptcy Court. That means Counts 2-6 should probably be severed and referred to the Bankruptcy Judge presiding over those related matters. Not only do those Counts present classic bankruptcy issues, but in general it is better for a Bankruptcy Judge to determine in the first instance whether a party merits sanctions for violating the automatic stay or another Order of the Bankruptcy Court.[1]

Given the proceedings in the Bankruptcy Court, it also is not clear whether activity in this case is the best use of the parties' resources. Consider, as just one example, that the Bankruptcy Court will resolve whether the defendants are entitled to joint venture funds without the encumbrance of the Estate. That ruling then has bearing on whether the defendants' collection activity on joint venture funds indicates RICO violations. The relationship suggests that this litigation should be paused until those important questions are resolved.[2]

The underlying grievances are real. The Trustee feels like her efforts to manage an unwieldy Estate and recover misappropriated assets are being disrespected. The defendants think

---

[1] For those claims which come with a jury trial right, an appropriate designation under 28 U.S.C. § 157(e) would issue if the Trustee consented.

[2] Additionally, it is not lost on the Court that the United States is still pursuing criminal charges against William Dickson, and that his anticipated guilty plea, *see United States v. William Dickson*, 3:14-CR-78-TSL-FKB, Text-Only Order of July 13, 2015, will certainly have some impact on the claims being pursued in this litigation. For example, through the criminal case, we may learn the location of the money, the amount of the money, and others who claim a share of the money. Moreover, to the extent the government seeks forfeiture and restitution, that also may affect how this civil case proceeds.

the Trustee is siphoning off their money. No ruling can mend the parties' lack of trust in one another. But the Court can emphasize that the parties are fundamentally on the same side. Assets need to be recovered and redistributed to their rightful owners. The defendants are the rightful owners of a substantial amount of those assets.

The Court now asks whether there is some other way for this case to proceed. Can the parties resolve fundamental questions of asset recovery and ownership of the joint venture proceeds, and actually collect the bulk of the lost assets, before litigating this RICO case? Given the talent on each side, the undersigned is optimistic. A mutually advantageous détente need not impair either side's claims or defenses.

For all of these reasons, the motions to consolidate and dismiss are denied without prejudice, the motion to exceed the page limit is granted, and the Trustee is granted leave to amend the complaint. The filing of an amended complaint is stayed until the parties have had an opportunity to meet with the Magistrate Judge and arrive at a reasonable timeline for this litigation. Any timeline should prioritize joint efforts and resolution of threshold questions in the Bankruptcy Court, as well as the all-important recovery of missing assets, before this case proceeds.

**SO ORDERED**, this the 15th day of July, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE