_____

**SO ORDERED,**

*[signature: Edward Ellington]*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: September 9, 2016**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **COMMUNITY HOME FINANCIAL** | **CASE NO. 1201703EE** |
| **SERVICES, INC.** | |

### MEMORANDUM OPINION
### ON *TRUSTEE'S FIRST APPLICATION*
### *FOR INTERIM COMPENSATION AS THE CHAPTER 11*
### *TRUSTEE OF COMMUNITY HOME FINANCIAL SERVICES, INC.*

**THIS MATTER** came before the Court on the trial on the *Trustee's First Application for Interim Compensation as the Chapter 11 Trustee of Community Home Financial Services, Inc.* (Dkt. #984) filed by Kristina M. Johnson, Trustee of Community Home Financial Services, Inc. and *Edwards Family Partnership, LP and Beher Holdings Trust's Response to Trustee's Application for Interim Compensation as the Chapter 11 Trustee of Community Home Financial Services, Inc. (Doc. No. 984)* (Dkt. #999).  Having considered same, the testimony and evidence presented at trial, and the respective briefs filed by the parties, the Court finds that for the reasons expressed more fully below, the application is granted on an interim basis.

# FINDINGS OF FACT[1]

This is the another Opinion in a series of opinions this Court has entered in this bankruptcy case. For a detailed explanation of the facts leading up to the filing of the bankruptcy case and the subsequent appointment of a trustee, see *In re Cmty. Home Fin. Servs. Inc.,* Case No. 12-01703EE, 2015 WL 6511183 (Bankr. S.D. Miss. Oct. 27, 2015).

The matter currently pending before the Court is the *Trustee's First Application for Interim Compensation as the Chapter 11 Trustee of Community Home Financial Services, Inc.* (Dkt. #984) (First Trustee Application), which was filed on February 20, 2015, by Kristina M. Johnson, Trustee of Community Home Financial Services, Inc. (Trustee). In the First Trustee Application, the Trustee is seeking the statutory maximum compensation of $68,905.75. The First Trustee Application is for the time period of January 16, 2014, through December 31, 2014.

*Edwards Family Partnership, LP and Beher Holdings Trust's Response to Trustee's Application for Interim Compensation as the Chapter 11 Trustee of Community Home Financial Services, Inc. (Doc. No. 984)* (Dkt. #999) (Objection) (collectively, Edwards) was filed on March 16, 2015. In its Objection, Edwards does not object to the Trustee's statutory compensation *per se*. Rather, Edwards asserts that the "[a]ny compensation awarded as a result of this application should be compensation for all trustee work performed, regardless of whether the Trustee performed the work herself or delegated it to others–in this case paralegals and lawyers in her law firm–to

---

[1] These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

perform."[2]  Further, Edwards requests "that the Court deny the application to the extent it seeks to limit the pending objection of [Edwards] to Jones Walker's fee application.  To the extent the application seeks compensation for all trustee work performed (regardless of who performed it), [Edwards does] not object."[3]

The First Trustee Application and Objection were tried before the Court on January 21, 2016. At the conclusion of the trial, the parties submitted post-trial briefs, and the Court took the matter under advisement.

## CONCLUSIONS OF LAW

### I. JURISDICTION

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(A).

### II. TRUSTEE'S COMPENSATION

#### A. Overview of Trustee Compensation

A trustee appointed by the Court is not expected to perform his/her duties without compensation. Therefore, the Code permits a trustee to be compensated for "the trustee's services"[4]

---

[2] *Edwards Family Partnership, LP and Beher Holdings Trust's Response to Trustee's Application for Interim Compensation as the Chapter 11 Trustee of Community Home Financial Services, Inc. (Doc. No. 984),* Case No. 1201703EE, Dkt. #999, p. 2, Mar. 16, 2015.

[3] *Id.* at 2-3.

[4] 11 U.S.C. § 330(a)(1).

under 11 U.S.C. § 326.[5]

A Chapter 11 trustee's compensation is governed by § 326 and § 330. The compensation under § 326 is commonly referred to as the *Trustee's Comp*. Section 326 provides a mathematical calculation to determine the amount of the Trustee's Comp. Trustee's Comp is based upon all monies disbursed by a trustee, and the amount is capped.

Section 326 states in pertinent part:

11 U.S.C. § 326. Limitation on compensation of trustee

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

The authority to compensate a trustee is found in § 330. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended § 330. The effect of the 2005 amendments as it applies to Chapter 11 trustees is that "Congress has clarified that courts must undertake a Johnson-type analysis (and award only what is justified as reasonable compensation-up to no more than the Section 326 cap)."[6] Section 330 provides in pertinent part:

11 U.S.C. § 330. Compensation of officers

(a)(1) After notice to the parties in interest and the United States Trustee and a

---

[5]Hereafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[6]*In re Coyote Ranch Contractors, LLC,* 400 B.R. 84, 94 (Bankr. N.D. Tex. 2009).

hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . .

>   (A) reasonable compensation for actual, necessary services rendered by the trustee . . . ; and
>
>   (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or . . . any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to [a] . . . trustee under chapter 11, . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

>   (A) the time spent on such services;
>
>   (B) the rates charged for such services;
>
>   (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>   (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>   (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for–

>   (i) unnecessary duplication of services; or
>
>   (ii) services that were not–
>
>   >   (I) reasonably likely to benefit the debtor's estate; or

> (II) necessary to the administration of the case.
>
> . . . .
>
> (7) In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.[7]

"After BAPCPA, courts disagree as to whether they can inquire into the reasonableness of a Chapter 7 trustee's compensation. . . .With Chapter 11 trustees, however, courts have generally held that, notwithstanding § 330(a)(7), such trustees are still entitled to 'reasonable compensation' up to § 326(a)'s cap." *In re Golden Park Estates, LLC*, Case No. 14-12253, 2015 WL 5785756, at *4 (Bankr. D.N.M. Oct. 2, 2015) (citations omitted).

"Harmonizing section 330(a)(7) with section 330(a)(3) is not difficult. Section 330(a)(7) merely incorporates the limitations of section 326 on any determination made under section 330(a)(3). In this way a reasonable fee may be determined through a lodestar analysis, but may not exceed the calculation set forth in section 326." *In re Virgin Offshore U.S.A., Inc.,* Case No. 11-13028, 2015 WL 350898, at *3 (Bankr. E.D. La. Jan. 26, 2015).

## B. Interim Compensation

Section 331 authorizes a trustee to be awarded compensation on an interim basis. Section 331 provides:

> § 331. Interim compensation
>
> A trustee . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

---

[7] 11 U.S.C. § 330(a).

11 U.S.C. § 331.

While the Court has wide discretion to award interim compensation to the Trustee, all awards of interim compensation are subject to final Court approval. As stated in this Court's opinion on the fee application of the Trustee's law firm, Jones Walker LLP:

> The Court is also not holding that with regard to any future applications by JW or any other fee application by other professionals, the Court will allow professionals and non-professionals to be compensated for performing the Trustee's statutory duties without charging against or subtracting from the Trustee's Comp. This is an interim fee application pursuant to § 331. "Any amounts that were awarded as interim compensation are subject to reconsideration at any time prior to the final award, for any reason." 3 *Collier on Bankruptcy* ¶ 331.04[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (footnote omitted). "Because of the speculative nature of interim fee awards, they are 'always subject to the court's reexamination and adjustment during the course of the case.' *In re Evangeline,* 890 F.2d at 1321."[8] At the time the final fee applications and the final application for Trustee's Comp are filed, the Court will evaluate whether a charge against or a subtracting from the Trustee's Comp is warranted.

In re Cmty. Home Fin. Servs., Inc., No. 1201703EE, 2015 WL 6511183, at *19 (Bankr. S.D. Miss. Oct. 27, 2015) (JW Fee Opinion).

### C. Calculation of Trustee Comp

As noted above, in its Objection, Edwards does not object to the Trustee's statement of disbursements or to the Trustee's calculations of her fees. Rather, Edwards seeks to preserve its right to object to any "double-dipping"[9] by the Trustee and her law firm, Jones Walker LLP (JW)–whether through an objection to the Trustee's Comp or through an objection to JW's fee applications.

---

[8] *In re Fernandez,* 441 B.R. 84, 98–99 (Bankr.S.D.Tex.2010), *aff'd,* No. 07–35173, 2011 WL 1404891 (S.D.Tex. Apr. 13, 2011), *aff'd,* 478 Fed.Appx. 138 (5th Cir. 2012) (unpublished).

[9] "Double-dipping" is a term used to describe where the trustee is paid compensation for performing his/her statutory duties, and the trustee's professionals seek to be paid for performing the trustee's statutory duties.

As the Court stated in the JW Fee Opinion, when the Trustee and JW file final fee applications, the Court will evaluate <u>all</u> fees awarded. It will be at that point that the Court will address Edwards' position that JW's fee application should be charged against for "double-dipping" or that the Trustee's Comp should be reduced for "double-dipping." Pursuant to § 330(a)(5), the fees awarded today are provisional only and may be adjusted at the conclusion of the case.

## CONCLUSION

Since Edwards is not objecting to the stated disbursements or the Trustee's calcuations, the Court finds that the Trustee is entitled to an interim award of compensation. "Interim fee awards are not final determinations intended to put a matter to rest. Rather, they are interlocutory and reviewable, and are intended only to provide some interim relief from the economic hardships of subsidizing litigation." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, LTD. (In re Evangeline Refining Co.),* 890 F.2d 1312, 1322 (5th Cir. 1989).

Consequently, the Court finds that the Trustee should be granted interim compensation in the amount of $68,905.75.

To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.

A separate judgment consistent with this Opinion will be entered in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## ##END OF OPINION##