**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **COMMUNITY HOMES FINANCIAL SERVICES, INC.,** | **CASE NO. 12-01703-EE** |

**U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF8 MASTER PARTICIPATION
TRUST, BY CALIBER HOME LOANS, INC.**           **MOVANT**

**VS.**

**COMMUNITY HOMES FINANCIAL
SERVICES, INC., Debtor**           **RESPONDENT**

**TRUSTEE'S RESPONSE AND OBJECTION TO BANK OF U.S. BANK TRUST, N.A.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND TO ABANDON PROPERTY**

COMES NOW Kristina M. Johnson, Chapter 11 Trustee (the "Trustee") of the Estate of Community Homes Financial Services, Inc. (the "Debtor"), and responds and objects to the Motion For Relief From Automatic Stay and for Other Relief (the "Motion") (Docket #1502) filed by U.S. Bank Trust, N.A., As Trustee For LSF8 Master Participation Trust, By Caliber Home Loans, Inc. ("U.S. Bank"), in the above-styled Chapter 11 proceeding. In support of this objection, the Trustee responds and presents the following:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted. Additionally, the Trustee submits that the Mortgage attached to the Motion as Exhibit "A" speaks for itself.

    4.    The Trustee admits that U.S. Bank has a mortgage on the referenced property. However, the Trustee is without sufficient information to admit or deny whether U.S. Bank has a

1

first priority lien on the referenced property, as U.S. Bank did not attach a document to its Motion showing the lien positions of creditors.  The Trustee demands strict proof of same.  Further, the Trustee is without sufficient information to admit or deny whether or not the borrower, Juan Hernandez (the "Borrower"), is delinquent in payments.  The Trustee admits that the Debtor holds a second mortgage on the referenced property.

      5.      The Trustee denies that sufficient cause exists for the termination, annulment or modification of the automatic stay.  U.S. Bank has not provided any evidence of the value of the subject property which would allow the Trustee and the Court to determine whether or not there exists any equity that may benefit the Debtor or, conversely, provide a reason for U.S. Bank to request termination of the stay under §362(d).  As the Court is well aware, the Trustee has worked diligently to determine what assets exist that belongs to the Debtor and has made significant strides in recovering records and funds on behalf of the Debtor's estate.  This is an ongoing process which has not been completed.  In the event the Debtor does have an interest in the referenced property, the Trustee, pursuant to §554 and FRBP 6007 is permitted a reasonable time to investigate the value of the property of the estate to determine whether or not it should be retained or abandoned and whether or not it is beneficial to the estate.  Additionally, the Trustee denies that U.S. Bank is entitled to collect attorney fees and court costs incurred from the Trustee and/or Debtor.

      The Trustee denies that U.S. Bank is entitled to any relief requested in the paragraph beginning with the words "WHEREFORE, PREMISES CONSIDERED."  The Trustee requests that U.S. Bank provide the Trustee with the value of the property.  Upon receipt of same, the Trustee should be permitted to make the above-referenced determination as to the value of the subject property to the estate.  After making this determination as to value, the Trustee may decide to take steps to protect the estate's interest in the property. For the foregoing reasons, the Trustee

requests that U.S. Bank be required to present proof as to the value of the subject property and that the Motion be denied. The Trustee further requests all other relief to which she may be entitled in law or at equity.

DATED, this the 18th day of October, 2016.

Respectfully submitted,

**KRISTINA M. JOHNSON,**
**CHAPTER 11 TRUSTEE OF THE ESTATE OF**
**COMMUNITY HOMES FINANCIAL**
**SERVICES, INC.**

By Her Attorneys

LAW OFFICES OF JOHN D. MOORE, P.A.

By: /s/ Melanie T. Vardaman
Melanie T. Vardaman, MSB No. 100392

OF COUNSEL:

Law Offices of John D. Moore, P. A.
John D. Moore, Esq.
Melanie T. Vardaman, Esq.
301 Highland Park Cove, Suite B (39157)
Post Office Box 3344
Ridgeland, Mississippi 39158-3344
601-853-9131
Fax: 601-853-9139
john@johndmoorepa.com
melanie@johndmoorepa.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing, and, therefore served, according to the applicable rules, to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

  Kristina M. Johnson, Esq.
  kjohnson@joneswalker.com

  Laura Henderson Courtney
  msbankruptcy@logs.com

  THIS, the 18th day of October, 2016.

                /s/   Melanie T. Vardaman
                Melanie T. Vardaman, Esq.