IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON-3 DIVISIONAL OFFICE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| COMMUNITY HOME FINANCIAL SERVICES, INC., DEBTOR | ) ) ) ) | CASE NO. 12-01703-NPO |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) ) | MOVANT |
| VS. | ) ) | |
| COMMUNITY HOME FINANCIAL SERVICES, INC., DEBTOR | ) ) ) ) | RESPONDENT |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO ABANDON PROPERTY

COMES NOW Movant, U.S. Bank National Association, a party in interest in this cause, by and through its attorney, and moves this Court to lift the automatic stay as to certain property belonging to Lisa M. Woodyard, and for other relief including abandonment from the estate, and in support of said motion would respectfully show unto the Court the following to wit:

1.       That on or about May 23, 2012, Community Home Financial Services, Inc. filed a voluntary petition in Bankruptcy pursuant to 11 U.S.C. Chapter 11. By operation of 11 U.S.C. 362, the Movant is prohibited from commitment of any judicial proceeding against the Defendant, any act to obtain possession of property of the estate, or any act to enforce any lien against the property of the estate.

2.       This is a Motion under Section 362(d) of the Bankruptcy Code for relief from the automatic stay for all purposes allowed by law and the contract between the parties, including, but not limited to, the right to foreclose on certain real property described herein.

3.       That on or about July 21, 2006, Lisa M. Woodyard, did execute a certain Note

and Mortgage in favor of Liberty Mortgage Co., Inc., secured by the following real property commonly known as **2528 Delamaine Drive, Grove City, Ohio 43123** (the "Real Property"). A true, correct and redacted copy of the Mortgage is attached hereto as **Exhibit A** and it is incorporated herein by reference. A true, correct and redacted copy of the Promissory Note is attached and fully incorporated herein as **Exhibit B**. A copy of the Assignment of Mortgage is attached as **Exhibit C.** The Real Property herein is located in Franklin County, Ohio, and is described as follows:

> Being Lot Number One Hundred (100), in LANGFORD MEADOW SECTION THREE, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 100, page 74, Recorder's Office, Franklin County, Ohio.

4. Lisa M. Woodyard executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

5. Lisa M. Woodyard is in default of the monthly installments pursuant to the Note, Mortgage, and subsequent Loan Modification Agreement. As of August 5, 2019, Lisa M. Woodyard is delinquent for two (2) payments of $1,057.12 each (October 2018 and November 2018) and nine (9) payments of $1,056.57 each (December 2018 to August 2019), pursuant to the Note and subsequent Loan Modification Agreement. If any payments come due after August 5, 2019, they too shall be incurred.

6. As of August 5, 2019, the unpaid principal balance is $150,406.47, and interest is due thereon in accordance with the Note and subsequent Loan Modification Agreement. The current amount of unpaid interest on Movant's loan as of August 5, 2019 is $2,785.63.

7. Because of Lisa M. Woodyard's default and inability to make all required payments in the amounts and at the times they are required to be made, Movant is not adequately

protected and shows that there is cause for relief from the automatic stay.

8. The 2018 Franklin County tax assessment values the property at $115,100.00. Upon information and belief, the Debtor, Community Home Financial Services, Inc. holds a second mortgage with reference to the subject property by that Mortgage dated April 26, 2007 and recorded in Instrument No. 200705170086834 (assigned to Debtor at Instrument No. 200707260130448). Based upon the Tax Assessor's statement of value and unpaid principal balance due, Movant would show that there is little or no equity in the Real Property, and it is of inconsequential value.

9. Movant would show that sufficient cause exists for the termination, annulment or modification of the automatic stay as provided in 11 U.S.C.362 (d) (1) because of the failure of the Lisa M. Woodyard to make the payments set forth above and because there is no equity in the subject property. Movant would urge the Court to terminate, modify or lift the automatic stay and abandon the subject property from the estate of the Debtor, so as to allow the Movant to pursue all remedies available to it under the terms and conditions of said Mortgage, and applicable state law, including initiation of foreclosure proceedings. Movant also requests that the 14-day stay imposed by FRBP 4001(a)(3) be waived.

WHEREFORE, Movant prays as follows:

(1) for an Order modifying the automatic stay, authorizing Movant, its successors and assigns, to proceed with the exercise of its private power of sale and to foreclose under its Mortgage and appropriate state statutes;

(2) for waiver of Bankruptcy Rule 4001 (a)(3); and

(3)  for such other and further relief, both general and specific, as is just and equitable.

Respectfully submitted, this the  1st  day of   October  , 2019.

                                            **U.S. BANK NATIONAL ASSOCIATION**

BY:  */s/ Karen A. Maxcy*
        Karen A. Maxcy
        Mississippi Bar No. 8869
        McCalla Raymer Leibert Pierce, LLC
        1544 Old Alabama Road
        Roswell, GA  30076
        Direct Phone 678-321-6965
        Email: Karen.Maxcy@mccalla.com
        *Attorney for Movant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 12-01703-NPO |
| COMMUNITY HOME FINANACIAL SERVICES, INC, | CHAPTER 11 |
| DEBTOR(S) | |

## RIGHT TO FORECLOSE STATEMENT

Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

## CERTIFICATE OF SERVICE

I, Karen A. Maxcy, of McCalla Raymer Leibert Pierce, LLC, do hereby certify that on this date, I served a copy of MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO ABANDON PROPERTY filed in this bankruptcy matter on the following parties at the addresses shown, through the Court's ECF/CMF system, and/or via U.S. Mail First Class, postage prepaid and properly addressed, to-wit:

**Pro Se Debtor**
Community Home Financial Services, Inc.
Attn: Kristina M. Johnson,
Chapter 11 Trustee
P. O. Box 23368
Jackson, MS 39225

Lisa M. Woodyard
2528 Delamaine Drive
Grove City, OH 43123

**Ch. 11 Trustee**                    *(via ECF/CMF Electronic Notice)*
Kristina M. Johnson
c/o Jeffrey R. Barber, Esq.
P. O. Box 23368
Jackson, MS 39225

**U.S. Trustee**                      *(via ECF/CMF Electronic Notice)*
United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

CERTIFIED, this the   1st   day of   October   , 2019.

/s/ Karen A. Maxcy
Karen A. Maxcy