_____

SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: February 12, 2020

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **COMMUNITY HOMES FINANCIAL SERVICES, INC.** | **CASE NO. 12-01703-NPO** |

_____

| | |
|---|---|
| **WILMINGTON TRUST NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST SERIES 2007-3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3** | **PLAINTIFF** |
| **V.** | |
| **COMMUNITY HOMES FINANCIAL SERVICES, INC., Debtor** | **RESPONDENT** |

**AGREED ORDER RESOLVING WILMINGTON TRUST NATIONAL
ASSOCIATION'S *MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND TO ABANDON PROPERTY*  (Dkt #2672)**

THIS CAUSE came to be heard on the *Motion For Relief From the Automatic Stay and to Abandon Property* (Dkt #2672) (the "**Motion**") filed by Wilmington Trust National Association, as Successor Trustee to Citibank, N.A., as Trustee for BNC Mortgage Loan Trust Series 2007-3, Mortgage Pass-Through Certificates, Series 2007-3 ("**Wilmington**"), and the *Response and Objection* (Dkt #2677) (the "**Response**") filed by Kristina M. Johnson, Chapter 11 Trustee (the "**Trustee**") of the Estate of Community Homes Financial Services, Inc. and the Court having been

advised that the parties have reached an agreement with respect to the Motion and Response and that they desire to memorialize their agreement in this Agreed Order, and being otherwise advised in the premises, the Court is of the opinion that the agreement of the parties is fair, equitable, and appropriate and should be set forth herein. The Court does hereby find, order, and adjudicate as follows:

1. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1334(a) and 11 U.S.C. §§362, 363 and 552(b).

2. Community Homes Financial Services, Inc. (the "**Debtor**") filed its petition under Chapter 11 of the Bankruptcy Code on May 23, 2012 (the "**Bankruptcy Case**"). Kristina M. Johnson was subsequently appointed as Trustee.

3. Upon information and belief, according to a title report provided by counsel for Wilmington to counsel for the Trustee, the Debtor is a junior lienholder regarding certain real property identified in the Motion and more commonly described as 7 Vigilance Court, Bolingbrook, IL 60440 (the "**Property**").

The real property is more particularly described as follows, and is situated in Will County, Illinois:

LOT 18, IN WINSTON WOODS UNIT TWO BEING A SUBDIVISION OF PARTS OF THE NORTHWEST QUARTER OF SECTION 1 AND THE EAST HALF OF SECTION 2, ALL IN TOWNSHIP 37 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS, ACCORDING TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF WILL COUNTY, ILLINOIS ON SEPTEMBER 22, 1970 AS DOCUMENT NUMBER R70-17089, IN WILL COUNTY, ILLINOIS.

4. The indebtedness owed to Wilmington is evidenced by a Note and Mortgage identified in the Motion and attached thereto. Wilmington asserts that the indebtedness owed to Wilmington is approximately $560,030.43.

5. Wilmington asserts that the value of the Property is approximately $176,500.00 based on a 2016 BPO Property Report.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Automatic Stay is lifted as it pertains to Wilmington and the Property for all purposes regarding Wilmington, its successors, agents and assigns.

IT IS FURTHER ORDERED AND ADJUDGED, that Wilmington and/or its successors, agents, representatives or holder of the Note and Mortgage shall be permitted to proceed with foreclosure proceedings pursuant to applicable law, and, thereafter, commence any action necessary to obtain complete possession thereof.

IT IS FURTHER ORDERED AND ADJUDGED, that any and all notices regarding the foreclosure on the Property, including, but not limited to, the results of the foreclosure, an accounting of the application of the proceeds thereof, and any other information regarding this matter that the Trustee requests, shall be provided to the Trustee by Wilmington and/or its successors, agents, representatives or holder of the Note and Mortgage.

IT IS FURTHER ORDERED AND ADJUDGED that all monies recovered in excess of the amount owed to Wilmington shall be deposited with the Trustee to be applied in accordance with the priority of the Debtor's lien on the Property.

##END OF ORDER##

| **Agreed, Approved, and Prepared by:** | **Agreed and Approved:** |
|---|---|
| /s/John D. Moore<br>John D. Moore, MSB# 10610<br>*Attorney for the Trustee* | /s/Bradley P. Jones<br>Bradley P. Jones, MSB#9731<br>*Attorney for Wilmington Trust National Assoc.* |